421 A.2d 351

**COMMONWEALTH of Pennsylvania**

v.

**Anthony Ray REAVES, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Aug. 1, 1980.

Petition for Allowance of Appeal Denied Jan. 14, 1981.

582

Larry A. Kalikow, Assistant Public Defender, Harrisburg, for appellant.

Edward H. Jordan, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Dauphin County, Criminal Divi-

sion, by the defendant–appellant, Anthony Ray Reaves, claiming that his *Miranda* rights were violated at the time he gave incriminating statements to police concerning his participation in a burglary of a cleaners establishment in Steelton, Pa. which burglary occurred on or about December 19, 1978. On August 22, 1979, defendant was sentenced to pay a fine of $50.00, pay the costs of prosecution, and to undergo imprisonment in the Dauphin County Prison for six (6) to twenty–three (23) months.

On March 2, 1979 a juvenile petition was filed against the defendant alleging that on December 19, 1978 he committed the offense of burglary at Kauffman Cleaners in Steelton, Pa. On March 8, 1979, after a hearing thereon, the matter was transferred to the criminal division pursuant to Section 6355 of the Juvenile Act *(42 Pa.C.S. 6355)*. Subsequently, a criminal information was drawn and filed against the defendant, he was arraigned on May 2, 1979 where he entered a not guilty plea to the offense, and on August 22, 1979, the defendant was adjudged guilty of the burglary following a non–jury trial and was sentenced as set forth above. On August 27, 1979, the defendant took this appeal. Defendant was 17 years of age at the time of the burglary.

On December 22, 1978 police questioned the defendant, in the presence of his mother, about the burglary. During the course of the questioning the defendant gave oral inculpatory statements to the police which implicated him in the burglary. These statements were later reduced to writing which the defendant signed. Prior to trial the defendant filed a suppression motion seeking to have the statements suppressed as the product of unlawful questioning in violation of his *Miranda* rights.[1] The court below denied defendant's suppression motion and the incriminating statements were used to convict him at his trial. Defendant's sole contention on appeal is that his *Miranda* rights were violated because they included a statement by the police that any

---

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

statements he gave to them "can and will be used against you in a *juvenile proceeding* at some later date." (Emphasis ours) The defendant claims that he was misled by the *Miranda* statement and would not have given the incriminating statements to the police if he was aware that they could be used against him in a criminal proceeding. He claims that because the words *juvenile proceeding* were used by the police that his waiver of his *Miranda* rights was ineffective and that his statements should have been suppressed at the suppression hearing. Defendant's mother also testified that she was misled by the use of the same words during the reading of the *Miranda* rights.

Prior to the actual interrogation of the defendant, he was given the *Miranda* warnings in various forms. The police first read him his rights from a card which contained the statement that "Anything you say can and will be used against you in a *court of law*" (Emphasis–ours). Shortly thereafter the statement which defendant claims misled him was read to the defendant and his mother and was signed by the defendant's mother. The police then gave the defendant and his mother the opportunity to confer privately with each other. Following this conference the *Miranda* warnings were read to the defendant a third time. This *Miranda* statement was given to the defendant in essentially the same form as the first one. Defendant then gave the inculpatory statement. He now claims that the *Miranda* warnings given to him were defective because they misled him into believing that he would be subjected only to juvenile proceedings and that therefore his statements were not given voluntarily, knowingly and intelligently. We do not agree.

At the outset we note that the defendant was given the *Miranda* warnings three times. It was only during the second reading of his rights that the words "juvenile proceeding" were used. The defendant was also given the opportunity to consult with an interested adult (his mother) in private prior to giving the incriminating statement. Therefore, the requirements that a juvenile be permitted to consult with a parent, attorney or other interested adult

before giving a statement has been met. See *Commonwealth v. Barnes*, 482 Pa. 555, 394 A.2d 461 (1978). At the time he was questioned the defendant was 17 years of age, had had numerous contacts with the juvenile justice system, had been committed on prior occasions to various facilities within the juvenile justice system, had the benefit of his mother's advice prior to answering any questions, was permitted to consult with her privately prior to giving the statement, was alert and responsive at all times prior to giving the statement, and was informed twice by police that any statement given by him could be used against him in a *court of law*. There was no evidence to the effect that the police coerced or threatened the defendant in any way. Considering the above, it cannot be maintained that the defendant did not understand the effect of his waiver. Nor can we say that the police misled the defendant into thinking that he would be handled as a juvenile. At the time of the questioning defendant was a juvenile. The police did not know then that defendant's case would be transferred to the criminal court docket where defendant would be tried as an adult, nor could they have known that at the time of the questioning. We can envision a situation where a juvenile defendant claims on appeal that his waiver of his right to remain silent was ineffective because he was informed by police that his statements would be used in a *court of law* (with its jury system and other rights) rather than in a *juvenile proceeding* in a case where the juvenile was ultimately dealt with in a juvenile proceeding. It would place an unfair burden on the police to require them to delve into every conceivable possibility with a juvenile defendant before they could ask him a question regarding his participation in criminal activity. In fact, in the instant case the police went farther than they had to go since they gave the defendant and his mother the *Miranda* warnings three times before questioning the defendant during which the defendant was advised that his statements could be used against him in a *court of law* twice. It could very well be the case that defendant was also advised that his statements could be used against him in a juvenile proceeding because the police

wanted to cover all possible situations in the event that the defendant was handled as a juvenile.

Defendant cites the case of *Commonwealth v. Dixon*, 475 Pa. 17, 379 A.2d 553 (1977) in support of his proposition. In that case the court held that a defendant's waiver of her *Miranda* rights was ineffective because she misapprehended which of two offenses the police were investigating when she was questioned. The defendant thought that she was being questioned about her failure to make restitution in connection with a malicious mischief charge when instead the questioning concerned a murder. During the questioning the defendant admitted killing her son and was charged with that murder. The Supreme Court held that defendant's statement in which she admitted killing her son to the police was inadmissible at trial because the defendant was not aware of the nature of the investigation at the time she waived her rights. *Dixon,* supra, therefore, stands for the proposition that an accused must be aware of the *nature* of the investigation at the time of the questioning before a waiver of *Miranda* rights can be held to be effective. It does not mean that an accused must be aware of all the *consequences* which might flow from a waiver of his *Miranda* rights before he can effectively waive them. A suspect, therefore, need not have knowledge of the "technicalities" of the criminal offense involved; rather it is necessary only that he be aware of the "transaction" involved. *Commonwealth v. Dixon,* supra; *Commonwealth v. Richman,* 458 Pa. 167, 320 A.2d 351 (1974). We also hold that a defendant need not be aware of every conceivable *consequence* which might flow from a waiver of his *Miranda* rights in order to effectuate such a waiver as it is impossible to foresee every such possible consequence. We merely hold that the defendant must be informed that his statements can and will be used against him in a court of law as required in *Miranda.* Since the defendant was informed of this we hold that his waiver was effective and we refuse to hold that because he was *also* informed that his statements could be used against him in a juvenile proceeding that such warning constituted a promise to him that he would be handled as a juvenile.

Defendant also argues that his statements were involuntarily given because he was questioned in the police station. Defendant had come to the police station at the request of the police. However, he had come voluntarily and was not under arrest at the time. Merely because a person gives an incriminating statement at a police station does not mandate a finding that he gave the statement involuntarily. See *Commonwealth v. Peters,* 473 Pa. 72, 373 A.2d 1055 (1977). In light of the fact that the defendant was provided all of the protections afforded to a juvenile defendant under the law, as discussed above, we hold that his statements were properly admitted into evidence by the court below.

Judgment of sentence affirmed.

HOFFMAN, J., files a concurring statement.

PRICE, J., concurs in the result.

HOFFMAN, Judge, concurring:

I agree that under the circumstances of this case appellant validly waived his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). I express no opinion regarding any other circumstances in which a suspect may validly waive his *Miranda* rights. Accordingly, I concur in the affirmance of the judgment of sentence.